UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEANDRE ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00253-JMS-MKK |
| | ) | |
| CUPP, | ) | |
| SIMS, | ) | |
| KERIS, | ) | |
| BRION BERTSCH, | ) | |
| REED, | ) | |
| INDA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT BERTSCH'S
MOTION FOR SUMMARY JUDGMENT**

Keandre Arnold, an Indiana Department of Correction (IDOC) inmate, alleges in this

action that the defendants failed to provide adequate mental health care while he was incarcerated

at Wabash Valley Correctional Facility. Defendant Bertsch has moved for summary judgment

arguing that Mr. Arnold failed to exhaust his available administrative remedies as required by the

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Dkt. 132.

Mr. Arnold responded to the motion, and the defendant replied. Dkt. 134; dkt. 139. The defendant's

reply included additional evidence; thus, the Court considers Mr. Arnold's surreply. Dkt. 140. For

the reasons discussed in this Order, Defendant Bertsch's motion for summary judgment is **granted**.

**II. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the movant, the defendant bears the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III. Facts

At all times relevant to his complaint, Mr. Arnold was confined by the IDOC at Wabash Valley Correctional Facility. Mr. Arnold alleges that Dr. Bertsch provided inadequate psychiatric care and acted with deliberate indifference to Mr. Arnold's serious medical needs.

The IDOC has a grievance process which is intended to permit inmates to resolve such concerns prior to filing suit in court. Dkt. 132-3 at 1. The grievance process consists of three steps. First, an inmate must file a formal grievance within ten business days from the date of the incident if he is unsuccessful in resolving the issue informally. *Id*. at 9. Second, if the inmate is not satisfied with the response to the formal grievance, he may submit an appeal to the warden. *Id*. at 3. Finally, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the IDOC grievance manager. *Id*.  Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

If an inmate does not receive either a receipt or a rejection form from the grievance specialist within ten business days of submitting a formal grievance, the grievance policy requires

the inmate to notify the grievance specialist of that fact and retain a copy of the notice. *Id* at 9. If he does not receive a timely response to his appeal, the policy provides that the inmate should consider the appeal as denied and proceed to the next level of appeal. *Id*. at 14.

Mr. Arnold submitted a grievance against Dr. Bertsch on August 31, 2021. Dkt. 132-4. The grievance was denied on September 12, 2021, and IDOC records indicate that Mr. Arnold did not appeal. Dkt. 137. Mr. Arnold attests that he submitted his appeal by hand to a case manager because he was in restricted housing at the time and could not submit his appeal by any other means. Dkt. 134-1 at 2-3. Case Manager Coakley attests that had she received an appeal from Mr. Arnold, she would have forwarded it to the grievance specialist. Dkt. 139-1 at ¶ 9. Mr. Arnold did not file an appeal to the IDOC grievance manager. He attests that, when he did not receive a response to his grievance appeal, he filed a tort claim. Dkt. 134-1 at 3.

### IV. Discussion

Dr. Bertsch argues that Mr. Arnold failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against Dr. Bertsch. Mr. Arnold contends that he did exhaust his claims against the defendants by filing a formal grievance, a grievance appeal, and a tort claim. *Id*.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). However, inmates are not required to exhaust an administrative procedure that is unavailable because "prison administrators thwart inmates from

taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644.

The IDOC has no record of receiving Mr. Arnold's appeal, but Mr. Arnold attests in his declaration that he submitted the grievance and an appeal. He does not attest that he submitted a final appeal though. Instead, he states that he submitted a tort claim. To complete the grievance process Mr. Arnold needed to complete all three steps set forth in the grievance policy. A prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole,* 438 F.3d at 809. He therefore failed to exhaust this claim.

 Mr. Arnold has failed to demonstrate that he exhausted the administrative remedy process available to him as to his claim against Dr. Bertsch. Although he did not receive a response to his first level appeal, the grievance policy required that he move on to the final step by submitting an appeal to the IDOC grievance manager. Even if doing so would have been futile, the exhaustion requirement is not subject to a futility exception. *Booth,* 532 U.S. at 741, n.6; *McCarthy,* 503 U.S. 140.

Dr. Bertsch has met his burden of demonstrating that Mr. Arnold "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Arnold was aware of the grievance process, and that he could have exhausted the process by filing a second-level appeal, but he failed to do so. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Arnold's Eighth Amendment claim against Dr. Bertsch must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## V. Conclusion

Defendant Bertsch's motion for summary judgment, dkt. [132], is **granted**. No partial final judgment shall issue at this time. The **clerk is directed** to terminate Dr. Bertsch as a defendant on the docket.

Date: 5/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
201948
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Brient Gustave Hicks
Barnes & Thornburg
brient.hicks@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG, LLP (Indianapolis)
jeanine.kerridge@btlaw.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Mary Catherine Pachciarz
Barnes & Thornburg LLP
marycate.pachciarz@btlaw.com